IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FILEMON FLORES | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-3288 |
| | § | |
| NATIONWIDE GENERAL | § | |
| INSURANCE COMPANY | § | |
|    *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Filemon Flores v. Nationwide General Insurance Company*; Cause No. 19-DCV-265005; In the 434th Judicial District of Fort Bend County, Texas.

## I.
## BACKGROUND

Plaintiff Filemon Flores (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 19-DCV-265005; In the 434th Judicial District of Fort Bend County, Texas on July 30, 2019 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

1. Defendant appeared and answered on August 30, 2019, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

2. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

3. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 434th Judicial District Court of Fort Bend County, Texas.

4. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

6. Plaintiff is domiciled in Fort Bend County, Texas. *See* **Exhibit A**, ¶ 2. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

7. Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

8. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

9.     Plaintiff's Original Petition states that Plaintiff seeks "over $150,000.00 but less than $300,000.00." *See* Plaintiff's Original Petition, **Exhibit A**, ¶ 4. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

10.     Plaintiff seeks compensation for (1) actual damages, (2) policy benefits, (3) pre-judgment interest, (4) post-judgment interest, (5) consequential damages, (6) court costs, (7) attorneys' fees, (8) treble damages, (9) statutory interest, and (10) exemplary damages. *See* **Exhibit A, ¶¶** 58. Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541 should Nationwide be found liable for the alleged conduct. *See* **Exhibit A,** ¶ 53; Tex. Ins. Code §§ 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

11.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

12.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

13.     WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

---

[1] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

Johali Muzaliwa
Texas Bar No. 24092881
Southern District Bar No. 2860965
jmuzaliwa@smsm.com
Segal McCambridge Singer & Mahoney
5625 Cypress Creek Pkwy, Suite 600
Houston, Texas 77069
(713) 333-7600
(713) 333-7601 – Facsimile

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served via CMRRR this the 30th day of August, 2019 to:

Shaun W. Hodge                                                 *# 9414 7266 9904 2137 9603 37*
The Hodge Law Firm, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
shodge@hodgefirm.com

                                             */s/ Patrick M. Kemp*
                                             Patrick M. Kemp